MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
FERNANDO BALBUENA REYES, MISAEL
PEREDA, and JORGE LUIS BALBUENA
REYES *individually and on behalf of others
similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| OMNITY CONSULTING LLC (d/b/a | **29 U.S.C. § 216(b)** |
| HARLEM SHAKE), NENAD PASIC, | |
| JELENA PASIC, and DARDRA C. | **ECF Case** |
| COAXUM, | |
| *Defendants.* | |

------------------------------------------------------X


Plaintiffs Fernando Balbuena Reyes, Misael Pereda, and Jorge Luis Balbuena Reyes,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Omnity Consulting LLC (d/b/a Harlem Shake) ("Defendant Corporation"), Nenad Pasic,

Jelena Pasic, and Dardra C. Coaxum allege as follows:


## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants Omnity Consulting LLC, Nenad

Pasic, Jelena Pasic, and Dardra C. Coaxum (collectively "Defendants").

2.       Defendants own, operate, or control a fast food restaurant located at 100 West 124th Street, New York, New York 10027 under the name Harlem Shake.

3.       Upon information and belief, individual defendants Nenad Pasic, Jelena Pasic, Dardra C. Coaxum serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.       Plaintiffs were primarily employed as delivery workers, but they were required to spend a part of their work day performing non-tipped, non-delivery duties, including but not limited to, various restaurant duties such as cleaning trays, cutting cardboard, sweeping and mopping, taking out the garbage, ripping apart cardboard boxes and tying them up, and bringing up food and other items for the kitchen and front room staff, (hereafter the "non-tipped, non-delivery duties").

5.       At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.  Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

6.       Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality Plaintiffs' duties required greater or equal time spent in non-tipped, non-delivery duties.

7.       Regardless, on multiple occasions, Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

- 2 -

8.      Under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day.  12 N.Y.C.R.R. §146.

9.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay Plaintiffs the lower tip-credited rate (which they failed to do on multiple occasions).

10.     Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from Plaintiffs' and other tipped employees' wages.

11.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves , and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 et seq., and "overtime wage order" respectively codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146 including applicable liquidated damages, interest, attorneys' fees and costs.

- 3 -

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district. Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a fast food restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

17.     Plaintiff Fernando Balbuena Reyes ("Plaintiff Fernando" or "Mr. Fernando") is an adult individual residing in New York County, New York.  Plaintiff Fernando was employed by Defendants from approximately May 12, 2014 until on or about August 8, 2016.

18.     Plaintiff Misael Pereda ("Plaintiff Pereda" or "Mr. Pereda") is an adult individual residing in New York County, New York. Plaintiff Pereda was employed by Defendants from approximately December 2012 until on or about August 14, 2016.

19.     Plaintiff Jorge Luis Balbuena Reyes ("Plaintiff Jorge" or "Mr. Jorge") is an adult individual residing in New York County, New York. Plaintiff Jorge was employed by Defendants from approximately September 2014 until on or August 8, 2016.

*Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled a fast food restaurant located at 100 West 124th Street, New York, N.Y. 10027 under the name "Harlem Shake."

21.     Upon information and belief, Omnity Consulting LLC Defendant Corporation is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 100 W. 124th St., New York, New York 10027.

22.     Defendant Nenad Pasic is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Nenad Pasic is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Nenad Pasic possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.     Defendant Jelena Pasic is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Jelena Pasic is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation.

Defendant Jelena Pasic possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Dardra C. Coaxum is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Dardra C. Coaxum is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Dardra C. Coaxum possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  She determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.     Defendants operate a fast food restaurant located in the West Harlem section of Manhattan in New York City.

26.     The individual defendants, Nenad Pasic, Jelena Pasic, and Dardra C. Coaxum, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.     Upon information and belief, individual defendants Nenad Pasic, Jelena Pasic, and Dardra C. Coaxum operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

   b.   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c.   transferring assets and debts freely as between all Defendants,

    d.   operating Defendant Corporation for their own benefit as the sole or majority

       shareholders,

    e.   operating Defendant Corporation for their own benefit and maintaining control

       over it as a closed corporation,

    f.   intermingling assets and debts of their own with Defendant Corporation,

    g.   diminishing and/or transferring assets of Defendant Corporation to avoid full

       liability as necessary to protect their own interests, and

    h.   other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.    In each year from 2012 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

35.    Plaintiffs are former employees of Defendants who were primarily employed as delivery workers. However, they spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

36.    Plaintiffs seek to represent a class of similarly situated individuals under 29

U.S.C. 216(b).

*Plaintiff Fernando Balbuena Reyes*

37.     Plaintiff Fernando was employed by Defendants from approximately May 12, 2014 until on or about August 8, 2016.

38.     Defendants ostensibly employed Plaintiff Fernando as a delivery worker.

39.     However, Plaintiff Fernando was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

40.     Although Plaintiff Fernando was ostensibly employed as a delivery worker, he spent over 20% of the time he worked each day performing non-delivery work throughout his employment with Defendants.

41.     Plaintiff Fernando regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Fernando's work duties required neither discretion nor independent judgment.

43.     From approximately May 12, 2014 until on or about May 2015, Plaintiff Fernando worked from approximately 5:00 p.m. until on or about 11:30 p.m. Saturdays through Wednesdays (typically 32.5 hours per week).

44.     From approximately May 2015 until on or about August 2015, Plaintiff Fernando worked from approximately 5:00 p.m. until on or about 11:30 p.m. two days a week and from approximately 11:00 a.m. until on or about 5:00 p.m. one day a week (typically 19 hours per week).

45.     From approximately August 2015 until on or about August 8, 2016, Plaintiff Fernando worked from approximately 5:00 p.m. until on or about 12:00 a.m. two days a week (typically 14 hours per week).

46.     From approximately May 2014 until on or about August 2015, Plaintiff Fernando was paid his wages in cash.

47.     From approximately August 2015 until on or about August 8, 2016, Plaintiff Fernando was paid his wages by check.

48.     From approximately May 12, 2014 until on or about August 8, 2016, defendants paid Plaintiff Fernando $5.65 per hour.

49.     Plaintiff Fernando's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

50.     In fact, Defendants frequently required Plaintiff Fernando to work an additional 30 minutes past his scheduled departure time, and did not pay him for the extra time he worked.

51.     Defendants never granted Plaintiff Fernando a meal break or rest period of any kind.

52.     Plaintiff Fernando was never notified by Defendants that his tips were being included as an offset for wages.

53.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Fernando's wages.

54.     In addition, Defendants withheld a portion of the tips clients who paid by credit card or ordered through the internet, wrote in for Plaintiff Fernando.

55.     Prior to August 2015, Plaintiff Fernando was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

56.     In order to disburse his wages, Defendants required Plaintiff Fernando to sign a notebook which did not reflect any hours Plaintiff worked.

57.     Furthermore, Defendants did not provide Plaintiff Fernando with a statement of wages with each payment of wages, as required by NYLL 195(3).

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fernando regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not give any notice to Plaintiff Fernando, in English and in Spanish (Plaintiff Fernando's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     Defendants required Plaintiff Fernando to purchase "tools of the trade" with his own funds—including one bicycle, an electric bicycle, a helmet, 25 shirts, 6 pants,  and approximately $200 in bicycle repairs.

*Plaintiff Misael Pereda*

61.      Plaintiff Pereda was employed by Defendants from approximately December 2012 until on or about August 14, 2016.

62.     Defendants ostensibly employed Plaintiff Pereda as a delivery worker.

63.     However, Plaintiff Pereda was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

64.     Although Plaintiff Pereda was ostensibly employed as a delivery worker, he spent over 20% of the time he worked each day performing non-delivery work throughout his employment with Defendants.

65.     Plaintiff Pereda regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

66.     Plaintiff Pereda's work duties required neither discretion nor independent judgment.

67.     From approximately December 2012 until on or about June 2014, Plaintiff Pereda worked from approximately 5:00 p.m. until on or about 11:30 p.m. six days a week (typically 39 hours per week).

68.     From approximately June 2014 until on or about September 2015, Plaintiff Pereda worked from approximately 5:00 p.m. until on or about 11:30 p.m. or 12:00 a.m. Sundays, Tuesdays, Wednesdays, Thursdays, and Fridays and  from approximately 5:00 p.m. until on or about 2:00 a.m. on Saturdays (typically 41.5 hours per week).

69.     From approximately September 2015 until on or about November 2015, Plaintiff Pereda worked from approximately 5:00 p.m. until on or about 12:00 a.m. or 12:30 a.m. Tuesdays, Thursdays, and Fridays and from approximately 5:00 p.m. until on or about 2:00 a.m. on Saturdays (typically 30 to 31.5 hours per week).

70.     From approximately November 2015 until on or about August 14, 2016, Plaintiff Pereda  worked from approximately 5:00 p.m. until on or about 11:30 p.m. or 12:00 a.m. Sundays, Tuesdays, Wednesdays, Thursdays and Fridays and  from approximately 5:00 p.m. until on or about 2:00 a.m. on Saturdays (typically 41.5 hours per week).

71.     Throughout his employment with Defendants, Plaintiff Pereda was paid his wages by check.

72.     From approximately December 2012 until on or about August 14, 2016, Defendants paid Plaintiff Pereda $5.65 per hour.

73.     Plaintiff Pereda's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

74.     In fact, Defendants frequently required Plaintiff Pereda to work until 12:00 a.m. or 12:30 a.m. and did not pay him for the extra time he worked.

75.     Defendants never granted Plaintiff Pereda a meal break or rest period of any kind.

76.     Plaintiff Pereda was never notified by Defendants that his tips were being included as an offset for wages.

77.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Pereda's wages.

78.     In addition, Defendants withheld a portion of the tips clients paid Plaintiff Pereda.

79.     No notifications, either in the form of posted notices or other means, were given to Plaintiff Pereda regarding overtime and wages under the FLSA and NYLL.

80.     Defendants did not give any notice to Plaintiff Pereda, in English and in Spanish (Plaintiff Pereda's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.     Defendants required Plaintiff Pereda  to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a lock, a chain and about $200 in bicycle repair and maintenance costs.

*Plaintiff Jorge Luis Balbuena Reyes*

- 13 -

82.     Plaintiff Jorge was employed by Defendants from approximately September 2014 until on or August 8, 2016.

83.     Defendants ostensibly employed Plaintiff Jorge as a delivery worker.

84.     However, Plaintiff Jorge was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

85.     Although Plaintiff Jorge was ostensibly employed as a delivery worker, he spent over 20% of the time he worked each day performing non-delivery work throughout his employment with Defendants.

86.     Plaintiff Jorge regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

87.     Plaintiff Jorge's work duties required neither discretion nor independent judgment.

88.     From approximately September 2014 until on or about August 8, 2016, Plaintiff Jorge worked from approximately 5:00 p.m. until on or about 11:00 p.m. Tuesdays through Fridays and from approximately 11:00 a.m. until on or about 5:00 p.m. on 3 or 4 Saturdays (typically 24 to 30 hours per week).

89.     From approximately September 2014 until on or about June 2016, Plaintiff Jorge was paid his wages in cash.

90.     From approximately June 2016 until on or about August 2016, Plaintiff Jorge was paid his wages by check.

91.     From approximately September 2014 until on or about August 14, 2016, Defendants paid Plaintiff Jorge $5.65 per hour.

92.     Defendants never granted Plaintiff Jorge meal breaks or break periods of any kind.

93.     Plaintiff Jorge was never notified by Defendants that his tips were being included as an offset for wages.

94.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Jorge's wages.

95.     In addition, Defendants withheld a portion of delivery tips from customers who paid with credit card or through internet websites including Seamless Web and Grub Hub.

96.     Prior to June 2016, Plaintiff Jorge was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

97.     Furthermore, prior to June 2016, Defendants did not provide Plaintiff Jorge with a statement of wages with each payment of wages, as required by NYLL 195(3).

98.     No notifications, either in the form of posted notices or other means, were given to Plaintiff Jorge regarding overtime and wages under the FLSA and NYLL.

99.     Defendants did not give any notice to Plaintiff Jorge, in English and in Spanish (Plaintiff Jorge's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

100.     Defendants required Plaintiff Jorge to purchase "tools of the trade" with his own funds—including a motor bicycle and two uniform shirts.

*Defendants' General Employment Practices*

- 15 -

101.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

102.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

103.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

104.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

105.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

106.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

107.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

108.    At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

109.    Defendants required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

110.    Plaintiffs were employed ostensibly as tipped employees by Defendants, although they spent several hours per day performing non-tipped duties.

111.    However, on numerous occasions, Plaintiffs were paid at a rate that was lower than the required tip-credited rate by Defendants.  However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146-2.9.

112.    Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

113.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described herein.

114.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees and paid them, on numerous occasions, at a rate that was lower than the required tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

115.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

- 17 -

116.   Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

117.   Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

118.   A number of Plaintiffs were paid their wages entirely in cash.

119.   For a considerable period of time, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

120.   Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

121.   Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

122.   Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

123.   Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

124.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

125.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

126.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

127.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

128.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

129.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

130.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

131.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

132.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

133.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

134.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

- 20 -

135.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

136.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

137.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

138.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

139.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

140.     Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

141.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

142.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

143.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

144.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

- 21 -

145.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

146.     Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

147.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

149.     Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

150.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

151.     Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

151.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

152.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer,

as required by NYLL §195(1).

153.    Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

154.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

155.    With each payment of wages, Defendants failed to provide Plaintiffs with a

statement listing each the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular

hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

156.    Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE TIP WITHHOLDING PROVISIONS
### OF THE NEW YORK LABOR LAW)

157.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

158.    Defendants unlawfully and without permission from Plaintiffs misappropriated

and withheld gratuities paid by customers which should have been retained by Plaintiffs.

159.    Defendants' action violated NYLL §196-d.

160.     Defendants are liable to Plaintiffs in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

161.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

162.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

163.     Plaintiffs were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants violated the tip withholding provisions of the New York Labor Law;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

- 25 -

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages and improper withholding of gratuities under the NYLL, as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
        August 29, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _/s/ Michael Faillace_____
        Michael A. Faillace
        60 East 42nd Street, Suite 2540
        New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

August 25, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Fernando Balbuena Reyes

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:                     *Fernando Balbuena Reyes*

Date / Fecha:                          25 de agosto de 2016

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

August 22, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Misael Pereda

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      22 de agosto de 2016

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 25, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Jorge Luis Balbuena-reyes**

                                  Michael Faillace & Associates, P.C.
Legal Representative / Abogado:

                                  _Jorge Luis balbuena Reyes_
Signature / Firma:

                                       25 de agosto de 2016
Date / Fecha:

*Certified as a minority-owned business in the State of New York*